UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DAVID JALVING,

    Plaintiff,

v.                                        Case No:   2:17-cv-622-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff David Tucker Jalving's Complaint, filed on November 14, 2017. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a joint legal memorandum detailing their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do his previous work or any other

substantial gainful activity that exists in the national economy.  42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911.  Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

  B.  **Procedural History**

On September 9, 2009, Plaintiff filed an application for disability insurance benefits.  (Tr. at 117-20).  Plaintiff asserted an onset date of March 25, 2009.  (*Id.* at 117).  Plaintiff's application was denied initially on March 3, 2010 and on reconsideration on June 25, 2010.  (*Id.* at 71, 72).[1]  A hearing was held before Administrative Law Judge ("ALJ") Maria C. Northington on June 8, 2015.  (*Id.* at 592-636).  The ALJ issued an unfavorable decision on October 7, 2015.  (*Id.* at 564-84).  The ALJ found Plaintiff not to be under a disability from March 25, 2009, through the date of the decision.  (*Id.* at 565).

On October 18, 2017, the Appeals Council "found no reason under our rules to assume jurisdiction" of this action.  (*Id.* at 554-58).  Plaintiff filed a Complaint (Doc. 1) in the United States District Court on November 14, 2017.  This case is ripe for review.  The parties consented to proceed before a United States Magistrate Judge for all proceedings.  (*See* Doc. 21).

---

[1] Previous to the instant case, ALJ Frederick McGrath issued an unfavorable decision on September 14, 2011.  (Tr. at 9-29).  Plaintiff requested review by the Appeals Council, and the Appeals Council denied review.  (*Id.* at 1-6). Plaintiff filed a civil action in this Court, appealing the September 14, 2011 decision.  This Court reversed and remanded the action under sentence four of 42 U.S.C. § 405(g) on August 1, 2014.  (*Id.* at 664-702).  Pursuant to the Order remanding this action, the Appeals Council remanded the case for a new hearing and decision consistent with the federal court's Order.  (*Id.* at 703-707).  The remaining procedural history relates to the instant action and is set forth above.

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that he is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[2] An ALJ must determine whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through June 30, 2015. (Tr. at 566). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period from his alleged onset date of March 25, 2009, through his date last insured of June 30, 2015. (*Id.* at 567). At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "unspecified spondyloarthropathy *versus* ankylosing spondylosis with pain, mild scoliosis, depression, chronic obstructive pulmonary disease and left shoulder tendinopathy with partial tear diagnosed in June 2015, prior to this, findings were mild (20 CFR 404.1520(c))." (*Id.* (original emphasis)). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of

---

[2] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

3

impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (*Id*. at 568).

At step four, the ALJ found:

> After careful consideration of the entire record, secondary to his combined physical impairments, the claimant is limited to light work with the ability to occasionally lift and/or carry up to 20 pounds as defined in the Dictionary of Occupational Titles (DOT) and regulations, as well as, lift/carry 10 pounds frequently. This includes sedentary work as defined in DOT and the regulations. The claimant has no limits for sitting in an eight-hour workday. He is capable of standing and/or walking for up to six hours in an eight-hour workday. In the course of work, he should be allowed the ability to optionally alternate between sitting and standing about 60 minutes, but such would not cause him to be off-task nor would it cause him to leave the workstation. He is able to perform occasional postural functions of climbing ramps/stairs and stooping. He is to perform no crawling, no kneeling, crouching and no climbing of ladders/ropes/scaffolds. The claimant is to perform no overhead lifting, no overhead carrying and no overhead reaching with the bilateral upper extremities. He is to perform no constant fine manipulations with left non-dominant upper extremity, but frequent and occasional remain unaffected. The claimant is to perform no work that would involve hazardous situations such as work at unprotected heights or work around dangerous machinery that may cause harm to self or others. Secondary to COPD, the claimant is to avoid concentrated exposure to respiratory irritants such as fumes, odors, smoke, gases and poor ventilation. Individual is to avoid concentrated exposure to extremes of heat, humidity and cold temperatures. Secondary to his depression in combination with his alleged pain, he retains the capacity to understand, remember and carry-out SVP 3 instructions and perform SVP 3 tasks as consistent with semi-skilled work.

(*Id.* at 570).

The ALJ determined that Plaintiff was unable to perform any past relevant work as a retail sales clerk, and a self-employed lawn care worker. (*Id.* at 582). The ALJ considered Plaintiff's age, education, work experience, and RFC, and found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (*Id.*). The ALJ noted that the vocational expert identified the following representational occupations that an individual with Plaintiff's age, education, work experience, and RFC would be able to perform:

4

office clerk; file clerk; telephone solicitor; circulation clerk; touch-up inspector; ticket checker. (*Id.* at 583). The ALJ concluded that Plaintiff was not under a disability from March 25, 2009, the alleged onset date, through the decision. (*Id.* at 584).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II. Analysis

On appeal, Plaintiff raises three issues. As stated by the parties, they are:

(1) Whether the ALJ's findings regarding the medical opinion evidence are supported by substantial evidence.

(2) Whether the ALJ's RFC assessment is supported by substantial evidence and is consistent with the requirements of 20 C.F.R. § 404.1545 and SSR 96-8p.

(3) Whether the ALJ's assessment of Plaintiff's credibility is supported by substantial evidence.

(Doc. 22 at 13, 19, 24). The Court addresses the issue related to the medical opinion evidence.

### A. Whether the ALJ Properly Weighed Dr. Bustillo's and Dr. Rosenberg's Opinions

Plaintiff argues that the ALJ failed to demonstrate good cause to afford little weight to treating physician Dr. Bustillo's opinion and to afford moderate weight to Dr. Rosenberg's opinion generally and little weight to his opinion concerning Plaintiff's ability to stoop. (Doc. 22 at 13,16). The Court begins by addressing the arguments directed to Dr. Bustillo's opinion.

Plaintiff asserts that the ALJ assigned little weight to Dr. Bustillo's opinion, finding it inconsistent with his own examination records that denoted normal findings and improvement of functionality on medication. (*Id.* at 13). Plaintiff argues that to reach this finding, the ALJ cited a single examination note dated April 17, 2015. (*Id.*). Plaintiff claims that this rationale is inconsistent with the evidence of record and does not constitute good cause. (*Id.* at 14). Plaintiff asserts that Dr. Bustillo treated Plaintiff since May 19, 2009 and wrote a letter on Plaintiff's behalf on January 13, 2015, describing Plaintiff's condition, finding a poor prognosis, and describing Plaintiff's limitations. (*Id.*). Plaintiff also included brief summaries of Dr. Bustillo's treatment records that are consistent with and support Dr. Bustillo's opinion as to Plaintiff's limitations. (*Id.* at 14-15).

The Commissioner asserts that the ALJ "provided adequate reasons for discounting Dr. Bustillo's opinion." (*Id.* at 19). The Commissioner contends that the ALJ found Dr. Bustillo's

opinion "inconsistent with his own examination finding and improvement of functionality on medication (Tr. 578)." (*Id.*). The Commissioner also contends that the ALJ noted that Plaintiff continued to exercise and had normal activities of daily living. (*Id.*).

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of the ALJ's RFC determination at step four. *See Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012). The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178-79 (11th Cir. 2011). Without such a statement, "it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (citing *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The opinions of treating physicians are entitled to substantial or considerable weight unless good cause is shown to the contrary. *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004). The Eleventh Circuit has concluded that good cause exists when: (1) the treating physician's opinion was not bolstered by the evidence; (2) the evidence supported a contrary finding; or (3) the treating physician's opinion was conclusory or inconsistent with the doctor's own medical records. *Id.* In the instant case, Dr. Bustillo is a treating physician and, thus, his opinion is entitled to substantial or considerable weight unless good cause exists to the contrary. *Id.*

A brief summary of some of Dr. Bustillo's treatment records follows. Dr. Bustillo, a rheumatologist began treating Plaintiff on May 19, 2009. (Tr. at 252). Plaintiff complained of back pain, morning stiffness, and fatigue. (*Id.*). Plaintiff exhibited tenderness in his wrists, decreased range of motion and tenderness in his lumbar back, and tenderness in his hands and feet. (*Id.* at 253). Dr. Bustillo found that Plaintiff's "symptoms and history do[ ] suggest an inflammatory process, more along the [lines] of the spondyloarthropathies, for now undifferentiated." (*Id.*). Dr. Bustillo ordered x-rays, and began Plaintiff on anti-inflammatory medications. (*Id.*).

Plaintiff saw Dr. Bustillo on July 29, 2009. (*Id.* at 249). Plaintiff reported he felt great on steroids, but once off steroids he had not done well. (*Id.*). Plaintiff exhibited tenderness at his elbows, hips and lumbar back. (*Id.*). Dr. Bustillo adjusted Plaintiff's medications. (*Id.*).

On October 1, 2009, Plaintiff returned to Dr. Bustillo, complaining of arthritis. (*Id.* at 248). Plaintiff still had some issues with activities of daily living and tolerating medications. (*Id.*). Dr. Bustillo assessed Plaintiff with "[p]ain multiple joints – spondyloarthropathy, has responded well, but still significant stiffness and back pain." (*Id.*).

On November 24, 2009, Plaintiff saw Dr. Bustillo with complaints of pain, morning stiffness, and fatigue. (*Id.* at 242-43). Plaintiff exhibited back pain, and musculoskeletal tenderness. (*Id.* at 243). Some of the medications were not effective and Dr. Bustillo adjusted them. (*Id.*).

On June 9, 2010, Plaintiff returned to Dr. Bustillo with complaints of pain, morning stiffness, and abnormalities in daily activities such as difficulty walking and getting dressed. (*Id.* at 427). Plaintiff was positive for back pain, arthralgias, and fatigue. (*Id.*). He exhibited

musculoskeletal tenderness. (*Id.*). Dr. Bustillo diagnosed Plaintiff with ankylosing spondylitis and adjusted his medications. (*Id.* at 428).

On January 27, 2011, Plaintiff complained of joint pain in his feet and spine, fatigue, and difficulties with daily activities of walking and getting dressed. (*Id.* at 403). Upon examination, Dr. Bustillo found a decreased range of motion and tenderness in Plaintiff's lumbar and cervical back, and tenderness in his feet. (*Id.*). Dr. Bustillo adjusted his medications. (*Id.* at 404).

On April 28, 2011, Plaintiff returned to Dr. Bustillo for medication refills. (*Id.* at 472). Dr. Bustillo found Plaintiff positive for fatigue, back pain, and arthralgias. (*Id.*). Plaintiff had decreased range of motion and tenderness in his cervical and lumbar back. (*Id.*). Dr. Bustillo also found Plaintiff was "clinically not improving much, he is trying to exercise, he is relying on prednisone too much, I want him to start weaning off slowly." (*Id.* at 473). Dr. Bustillo discussed a change in treatment plans and a change in medications. (*Id.*).

On June 3, 2011, Plaintiff saw Dr. Bustillo. (*Id.* at 506). Plaintiff was stable, but complained "of pain and axial, cervical spine, thoracic spine and lumbar spine, associated with fatigue. Difficulty with daily activity = difficulty with walking and difficulty with getting dressed." (*Id.*). Plaintiff had a decreased range of motion and tenderness in his cervical back and tenderness in his thoracic back. (*Id.* at 507). He exhibited decreased range of motion and tenderness in his lumbar back. (*Id.*). Dr. Bustillo did not notice any clinical improvement. (*Id.*).

On April 21, 2015, Plaintiff returned to Dr. Bustillo with complaints of increased pain, stiffness, and limited range of motion along the spine as well as stiffness in both hands. (*Id.* at 1578-79). Plaintiff stated that had been trying to stay active and exercise, and he did not report any limitations with activities of daily living. (*Id.*). Plaintiff was positive for fatigue and positive for back pain and arthralgias. (*Id.* at 1579). Upon physical examination, Plaintiff

9

exhibited decreased range of motion and tenderness in his cervical back, tenderness in his thoracic back, decreased range of motion and tenderness in his lumbar back, and tenderness in his hands. (*Id.*). Dr. Bustillo diagnosed Plaintiff with ankylosing spondylitis and noted that Plaintiff had continued pain, stiffness, and limited range of motion in his spine, and increased pain and stiffness in both hands. (*Id.* at 1581). Dr. Bustillo noted that Plaintiff has continued to exercise and stay active, "but his symptoms continue to progress." (*Id.*). Dr. Bustillo was concerned that Plaintiff's medications had lost their effectiveness and considered changing his biologic. (*Id.*).

On January 13, 2015, Dr. Bustillo drafted a letter, stating the following:

> David Jalving [ ] is a patient of mine that is currently under my care for Ankylosing Spondylitis. I first saw David 5/19/09 and most recently 12/18/14. His condition is chronic, debilitating and his Prognosis unfortunately is poor. David has tried Sulfasalazine-ineffective, he is currently on Enbrel and Methotrexate with moderate relief. He continues to have episodic flare ups and pain, he is being managed by Pain Management as well. He has decreased range of motion, musculoskeletal tenderness, diffuse joint pains and trouble with simple activities such as walking/dressing/position changes and other ADL's often times requiring assistance from family members.

(*Id.* at 1426).

In the decision, the ALJ summarized many of Dr. Bustillo's treatment records. (*Id.* at 572-78). However, when deciding the weight to afford Dr. Bustillo's January 13, 2015 opinion letter, the ALJ stated:

> Little weight is given to the opinion of Dr. Bustillo as it is inconsistent with his own examinations denoting normal findings and improvement of functionality on medication. At the claimant's follow-up on April 17, 2015, laboratory findings showed his inflammatory markers remained normal, and that the claimant continued to exercise and remain active (Exhibit 30F, pg.7). Moreover, the claimant and his wife both reported normal activities of daily living.

(*Id.* at 578). The ALJ asserts the following four (4) reasons to discount Dr. Bustillo's opinion: (1) Dr. Bustillo's opinion is not consistent with his treatment records; (2) Plaintiff's functionality

improved with medication; (3) the April 17, 2015 laboratory findings showed Plaintiff's inflammatory markers remained normal; and (4) Plaintiff continued to exercise, remain active, and he and his wife reported normal activities of daily living. In addressing each of these reasons below, the Court finds that these reasons do not establish good cause to discount Dr. Bustillo's opinion.

First, the ALJ asserts that Dr. Bustillo's letter is inconsistent with his treatment notes that denoted normal findings. (*Id.* at 578). Dr. Bustillo treated Plaintiff from 2009 through at least 2015. (*Id.* at 1426). Thus, the Court finds that Dr. Bustillo had a long-standing medical relationship with Plaintiff. Dr. Bustillo's treatment notes from his initial treatment in May 2009 through his April 2015 treatment note indicate that Plaintiff consistently complained of back pain and joint stiffness, and upon physical examination, displayed decreased range of motion, and tenderness in his back, hands, feet, and other joints. (*See*, *e.g.*, *id.* at 403-404, 427-28, 472-73, 506-507,1578-79, 1581). Further, in the most recent treatment record cited by the ALJ to discount Dr. Bustillo's opinion, Dr. Bustillo indicated that Plaintiff's symptoms continue to progress and Dr. Bustillo was concerned that his medications were no longer effective. (*Id.* at 1581). Thus, the Court finds that Dr. Bustillo's opinion that Plaintiff's condition is chronic and debilitating and his prognosis is poor is consistent with his treatment notes.

Second, while the Court agrees with the ALJ that Plaintiff's medical condition improved with medications, this improvement was temporary in nature and Dr. Bustillo's treatment notes show that that the medications were not effective for long periods of time as evinced by Dr. Bustillo adjusting Plaintiff's medications in an attempt to relieve his symptoms. (*See*, *e.g.*, *id.* at 404, 428, 473). Further, Dr. Bustillo stated in his opinion that one medication is ineffective and Plaintiff has only moderate relief on his present medications. (*Id.* at 1426). Thus, the Court

11

finds that even though at times Plaintiff's functionality may have improved with medication, these improvements do not appear to be consistent over long periods of time.

Third, the ALJ reasoned that Plaintiff's April 2015 laboratory findings showed Plaintiff's inflammatory markers remained normal. (*Id.* at 578). Although this statement is true and Dr. Bustillo acknowledged this test result in his treatment note, Dr. Bustillo also noted that Plaintiff had increased pain, stiffness, and limited range of motion. The ALJ did not adequately explain why this finding – which Dr. Bustillo included in his treatment note – should be a reason to discount Dr. Bustillo's opinion.

Fourth, the ALJ stated that Plaintiff continued to exercise, remain active, and reported normal activities of daily living. (*Id.* at 578). In the April 2015 treatment note, Plaintiff stated that he tried to stay active and exercise, and also reported no limitations with daily activities. (*Id.* at 1578-79). Dr. Bustillo noted that Plaintiff continued to exercise and stay active, "but his symptoms continue to progress." (*Id.* at 1581). As to exercise and staying active, Plaintiff appears to be attempting to do both to the best of his abilities and Dr. Bustillo noted that even with exercise and staying active, Plaintiff's symptoms continue to progress. (*Id.*). Further, as to daily activities, in many of the prior treatment notes, Dr. Bustillo noted that Plaintiff had difficulty with daily activities, including walking and getting dressed. (*See*, *e.g.*, *id.* at 248, 403, 427, 507). Dr. Bustillo's treatment notes support his opinion that Plaintiff's medications provide moderate relief, but Plaintiff has episodic flare ups and pain, decreased range of motion, musculoskeletal tenderness, diffuse joint pain, and trouble with simple daily activities. (*Id.* at 1426).

For the foregoing reasons, the Court finds that the ALJ failed to demonstrate good cause to afford little weight to Dr. Bustillo's opinion. Thus, the Court finds that the ALJ's decision as to this issue is not supported by substantial evidence.

### B. Plaintiff's Remaining Arguments

Plaintiff's remaining issues focus on whether the ALJ properly weighed medical provider's opinions, whether the ALJ properly assessed Plaintiff RFC, and whether the ALJ properly evaluated Plaintiff's subjective allegations. (Doc. 22 at 19, 24). Because the Court finds that on remand, the Commissioner must reevaluate Dr. Bustillo's opinion in light of all of the evidence of record, the disposition of these remaining issues would, at this time, be premature.

### III. Conclusion

Upon consideration of the submission of the parties and the administrative record, the Court finds that the decision of the Commissioner is not supported by substantial evidence.

Accordingly, it is hereby **ORDERED:**

(1) The decision of the Commissioner is **REVERSED and REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for the Commissioner to reconsider: (1) the opinions of Dr. Bustillo and Dr. Rosenberg; (2) Plaintiff's RFC; and (3) Plaintiff's subjective allegations.

(2) If Plaintiff prevails in this case on remand, Plaintiff must comply with the Order (Doc. 1) entered on November 14, 2012, in Misc. Case No. 6:12-mc-124-Orl-22.

(3) The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the file.

**DONE AND ORDERED** in Fort Myers, Florida on February 6, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties